**Jorge Toribio BARRIOS–BARRIOS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73912.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

Daniel E. Chavez, Esq., Law Offices of Daniel E. Chavez, Petaluma, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kimberly A. Kelly, USF—Office of the U.S. Attorney, Fresno, CA, for Respondent.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

Jorge Toribio Barrios–Barrios, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We lack jurisdiction to consider Barrios–Barrios's challenge to the denial of CAT relief because he failed to exhaust it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

We have jurisdiction pursuant to 8 U.S.C. § 1252 over Barrios–Barrios's remaining claims. Reviewing for substantial evidence, *Ochave v. INS,* 254 F.3d 859, 862 (9th Cir.2001), we deny the petition for review.

Substantial evidence supports the BIA's finding that there was no nexus between the harms Barrios–Barrios suffered and a protected ground. *See id.* at 865. There is no evidence in the record that guerrillas imputed a political opinion to Barrios–Barrios during his two encounters with them. *See id.* Additionally, suspected retaliation by a man whom Barrios–Barrios arrested for drunk driving is insufficient to establish a nexus to a protected ground. *See*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000). To the extent that Barrios–Barrios contends he is a member of a social group, those formerly involved with quasi-law enforcement are not a recognized social group. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1028 (9th Cir.2000); *see also Sanchez–Trujillo v. INS,* 801 F.2d 1571, 1576–77 (9th Cir.1986).

Substantial evidence supports the BIA's finding that Barrios–Barrios's fear of returning to Guatemala lacks a nexus to a protected ground. *See Rostomian,* 210 F.3d at 1089.

Because Barrios–Barrios failed to establish that he was eligible for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1031 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.